720 So.2d 308 (1998)
Barbara FLANNERY, f/k/a Barbara Crowe, Appellant,
v.
Dan CROWE, a/k/a Boyce Dan Crowe, Appellee.
No. 98-0227.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
Colin M. Cameron of M. Lee Thompson, P. A., West Palm Beach, for appellant.
Lynn Powers Johns, Royal Palm Beach (withdrawn after filing brief), and Alan R. Crane, West Palm Beach, for appellee.
POLEN, Judge.
Former Wife, Barbara Flannery, timely appeals from an order on Former Husband, Dan Crowe's petition for modification of the final judgment of dissolution of marriage which prohibited her, as primary residential custodial parent, from relocating within the state with the parties' minor child and which denied her attorney's fees and costs. The court found that, even though Former Wife's new husband was transferred by his employer to Sebring, any substitute visitation would be inadequate "to foster the same sort of continuing meaningful relationship between the child and the Former Husband that both of them now enjoy," and concluded that the child's best interests would not be served by moving. It thereupon denied Former Wife's request to relocate with the child, and made the parties bear their own attorney's fees and costs.
Former Wife argues that, under Mize v. Mize, 621 So.2d 417 (Fla.1993), there was a presumption in favor of her relocating with the child. Section 61.13(2)(d), Florida Statutes (1997), however, specifically abolished the Mize presumption. As such, the trial court was bound only by the statutory factors in section 61.13(2)(d), including the child's best interests, the likelihood of Former Wife's compliance with any substitute visitation arrangements, the adequacy of the substitute visitation, and the costs of transportation. § 61.13(2)(d), Fla. Stat. (1997). Since the record shows that the trial court considered these factors, and there is sufficient, competent evidence to support the trial court's findings in this regard, we affirm.
*309 We also affirm the court's denial of attorney's fees and costs to Former Wife. The record shows that Former Wife violated the court order by bringing the child to Sebring prior to the final hearing. Although Former Husband earns significantly more than Former Wife, her violation of this order may have factored into the court's decision to deny the award. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
AFFIRMED.
FARMER and TAYLOR, JJ., concur.