791 So.2d 1148 (2001)
Manuel DORTA-DUQUE, Appellant,
v.
Marines DORTA-DUQUE, Appellee.
No. 3D00-2680.
District Court of Appeal of Florida, Third District.
June 20, 2001.
Rehearing and Rehearing Denied August 29, 2001.
*1149 Denise V. Powers, Coral Gables, for appellant.
Cynthia J. Dienstag, Miami, for appellee.
Before JORGENSON, GODERICH, and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied August 29, 2001.
PER CURIAM.
The father of the parties' minor child appeals from an order granting the mother's petition for modification which permits her to relocate with the minor child to Puerto Rico. We affirm.
The parties were divorced in 1994 and the mother was designated as the primary residential parent of their minor child. In September 1999, the mother filed a Petition for Modification in which she sought to relocate to Puerto Rico with the minor child. Following an evidentiary hearing, the court granted the mother's request for relocation to Puerto Rico. This appeal follows.
The trial court did not abuse its discretion in granting the mother's request to relocate the child. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985). We affirm because there is substantial competent evidence to support the trial court's findings concerning the six statutory factors listed in section 61.13(2)(d), Florida Statutes (1997). See Gray v. Martin, 730 So.2d 426 (Fla. 5th DCA 1999); Flint v. Fortson, 744 So.2d 1217 (Fla. 4th DCA 1999); Gerov v. Holter, 731 So.2d 152, 154 (Fla. 4th DCA 1999); Flannery v. Crowe, 720 So.2d 308 (Fla. 4th DCA 1998); Borchard v. Borchard, 730 So.2d 748, 750 (Fla. 2d DCA 1999). Based on the evidence presented, the trial court determined that the quality of life for both *1150 the mother and the minor child would be likely to improve, as the mother and her husband have employment opportunities in Puerto Rico and there exists a significantly greater family network in Puerto Rico. The court also found that relocation will diminish the child's exposure to the continual embittered noncustodial litigation, and that although both parties have been guilty of obstructing the other with regard to visitation, the mother is likely to comply with the visitation arrangements. Next, the trial court found that the substitute visitation is adequate to foster a continuing relationship between father and child,[1] particularly as the father visits Puerto Rico often and has an operating farm there. The cost of transportation was not at issue. The trial court thus properly determined that, based on its findings in, and analysis of, the first five factors, relocation is in the best interests of the child.
The father next challenges the trial court's refusal to accept a licensed clinical psychologist as an expert witness and to admit the expert deposition testimony of the administrator of the school the minor child attends. "The determination of a witness's qualifications to express an expert opinion is peculiarly within the discretion of the trial judge, whose decision will not be reversed absent a clear showing of error." Ramirez v. State, 542 So.2d 352, 355 (Fla.1989). We find no abuse of discretion in the trial court's determination that neither of the father's proffered witnesses had the requisite experience or education to be considered an expert.
Finally, we reject the father's claim that the trial court changed the minor child's name. The trial court properly determined that, based on the child's birth certificate and other evidence, the child's legal surname has always been Dorta Duque Ruiz.
AFFIRMED.
NOTES
[1] With regard to visitation, the father was granted two weekends per month (Thursday through Sunday), alternating holidays, and half of each summer vacation period. Additionally, upon 72 hours' notice the father is entitled to visit with the child for 24 hours any time he is in Puerto Rico.