851 So.2d 903 (2003)
Donald L. BOTTERBUSCH, Appellant,
v.
Terri L. BOTTERBUSCH, Appellee.
No. 4D03-1831.
District Court of Appeal of Florida, Fourth District.
August 13, 2003.
*904 Amy D. Shield of Amy D. Shield, P.A., Boca Raton, and Thomas R. Garland, P.A., Port St. Lucie, for appellant.
Jonathan Jay Kirschner of Kirschner & Garland, P.A., Fort Pierce, for appellee.
PER CURIAM.
This is a case where two good parents disagree over the mother's attempt to relocate from St. Lucie County to the Tampa area. The mother was a detective with the St. Lucie County Sheriff's Department. She accepted a new job with the United States Customs Department which required her to move. The trial court held an evidentiary hearing on March 18, 2003, and entered an order approving relocation. The father appeals. We affirm.
An appellate court's standard of review of a trial court's order regarding relocation is whether the trial court abused its discretion. See Dorta-Duque v. Dorta-Duque, 791 So.2d 1148, 1149 (Fla. 3d DCA 2001). We look to see if there is substantial competent evidence to support the trial court's findings concerning the statutory factors listed in section 61.13(2)(d), Florida Statutes (2002). Id.; see also Jones v. Jones, 633 So.2d 1096 (Fla. 5th DCA 1994). We do not engage in "reweighing the evidence and making the value judgments that are appropriate for the trial judge."
*905 Flint v. Fortson, 744 So.2d 1217, 1218 (Fla. 4th DCA 1999).
Substantial competent evidence supported the trial court's findings. The evidence showed that: 1) the mother would earn more money and work fewer hours in her new position; 2) the mother and child would live in a house twice the size of their current residence; 3) the child would attend an equal, if not better school than her school in Fort Pierce; and 4) the child would be able to continue gymnastics with a qualified teacher.
The trial court believed that the mother would comply with visitation. She generally facilitated visitation in the past and would continue to do so in the future. The mother chose a new home located outside of Tampa close to an interstate highway for that very purpose.
The trial court recognized the difficulties that would arise with visitation because of the increased distance. Because the father did not anticipate a grant of relocation, he did not provide the court with a proposed visitation schedule if relocation occurred and refused to participate in any discussion about this issue. The mother's proposed schedule provided a reduction from 156 days to 125 days. The trial court's order encourages the parties to work with each other and be flexible on visitation, adopting the mother's proposed schedule "only to the extent that the parties cannot agree between themselves on a visitation schedule."
We affirm the trial court's refusal to modify the final judgment to permit the father to have primary residential custody of the child. "A trial court may not modify custody or visitation `unless the party moving for such modification demonstrates: (1) a substantial or material change in the circumstances of the parties since the entry of the custody and visitation order; and (2) that the welfare of the child will be promoted by a change in custody and visitation.'" Chapman v. Prevatt, 845 So.2d 976, 981 (Fla. 4th DCA 2003) (quoting Knipe v. Knipe, 840 So.2d 335, 339-40 (Fla. 4th DCA 2003)). A primary residential parent's decision to relocate, "in the absence of other compelling circumstances, does not in and of itself support a change of custody." Id.
AFFIRMED.
FARMER, C.J., SHAHOOD and GROSS, JJ., concur.