PER CURIAM.
David Tomkins, the former husband/father, appeals an order allowing the former wife/mother to relocate to Ohio with the couple’s son. A primary residential parent’s request to relocate with a minor child is governed by section 61.13(2)(d), Florida Statutes (2003). Here, the trial court considered the evidence and the statutory criteria, finding that relocation was in the best interests of the mother and the minor child.
An appellate court’s standard of review of a trial court’s order regarding relocation is whether the trial court abused its discretion. We look to see if there is substantial competent evidence to support the trial court’s findings concerning the statutory factors.... We do not engage in “reweighing the evidence and making the value judgments that are appropriate for the trial judge.”
Botterbusch v. Botterbusch, 851 So.2d 903, 904-05 (Fla. 4th DCA 2003) (quoting Flint v. Fortson, 744 So.2d 1217, 1218 (Fla. 4th DCA 1999)) (other citations omitted). We have reviewed the order appealed and find no abuse of discretion in the trial court’s decision.
AFFIRMED.
STONE, STEVENSON and HAZOURI, JJ., concur.