947 So.2d 543 (2006)
Esperanza SEGARRA, Appellant,
v.
Manuel A. SEGARRA, III, Appellee.
No. 3D06-1540.
District Court of Appeal of Florida, Third District.
December 27, 2006.
Rehearing Denied January 29, 2007.
*545 Esperanza Segarra, in proper person.
Manuel A. Segarra, III, in proper person.
Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The former wife, Esperanza Segarra ("the Mother"), appeals the trial court's order denying both her petition for relocation and her former husband's, Manuel A. Segarra, III ("the Father"), petition for modification of visitation. The parties were married on September 15, 1999. Three months later, their son was born. The marriage lasted for approximately two years. On October 28, 2002, the trial court entered a final judgment of dissolution of marriage, incorporating a marital settlement agreement ("MSA") that addressed shared parental responsibility, primary residence, visitation, and child support. The MSA awarded the parties shared parental responsibility, designating the Mother as the primary residential parent and affording the Father liberal visitation.
On June 7, 2005, the Father filed what he titled a "Petition for Modification of Visitation." In this petition, the Father sought rotating custody of the child so that the child's "primary residence . . . shall be divided equally between both parties."
The Mother filed a response as well as a "Counterpetition for Relocation," seeking the court's permission to relocate with the child to Bryceville, Florida, where her family resides, and asking the court to impose substitute visitation. After numerous motions from both parties, the trial court held a four-day hearing on the two petitions, hearing testimony from fifteen witnesses. The trial court subsequently denied both motions in a lengthy written order.
On appeal, we review questions of law, including the interpretation of the final judgment of dissolution of marriage and incorporated MSA, de novo. Bazan v. Gambone, 924 So.2d 952, 955 (Fla. 3d DCA) (citation omitted), review denied No. 06-892, 944 So.2d 344 (Fla.2006); Norris v. Norris, 926 So.2d 485, 487 (Fla. 2d DCA 2006). We review the trial court's factual findings to determine whether they were supported by competent and substantial evidence. Dorta-Duque v. Dorta-Duque, 791 So.2d 1148, 1149 (Fla. 3d DCA 2001). We review the trial court's decision on relocation for abuse of discretion. Id.

The Mother's Petition for Relocation
To adjudicate the petition for relocation, the trial court analyzed the factors listed in section 61.13(3)(d), Florida Statutes, and concluded that relocation was not in the best interest of the child. See § 61.13(3)(d), Fla. Stat. (2005). The Mother disagrees with the trial court's factual findings upon which it based its conclusion.
*546 Paragraph 2 of the MSA provides that "[n]either party shall relocate from the Miami-Dade County area without the written consent of the other party or an Order of Court." Florida law does not recognize a presumption in favor of or against a primary residential parent who seeks to relocate a child. See § 61.13(3)(d), Fla. Stat. (2005). Instead, the trial court must evaluate the factors enumerated in section 61.13(3)(d), Florida Statutes, when considering a petition. Id. The statutory factors are:
1. Whether the move would be likely to improve the general quality of life for both the residential parent and the child[;] 2. The extent to which visitation rights have been allowed and exercised[;] 3. Whether the primary residential parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements[;] 4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child and the secondary residential parent[;] 5. Whether the cost of transportation is financially affordable by one or both parties[;] 6. Whether the move is in the best interests of the child.
Id. The statute does not require a parent who seeks to relocate to demonstrate a substantial change in circumstances. See generally id.
The trial court thoroughly analyzed the statutory factors relevant to determining whether relocation is in the best interest of the child. Examining the first factor, the trial court found no evidence that the proposed move would improve the general quality of life for the Mother and child, given the proposed living arrangements, the fact that the Mother did not have a job offer near Bryceville, and the fact that the child's proposed school did not have a Spanish language program similar to the one in which he is currently enrolled. As to the second factor, the trial court found that visitation rights have been allowed and exercised. As to the third factor, the trial court found that transportation costs and the driving distance between Miami and Bryceville would pose a burden on both parents. On the remaining factors, the trial court found that substitute visitation would not be complied with in the event of a conflict between the parents, that relocation would end one chapter, yet begin another chapter, of conflict between the parents, and that relocation "would result in a significant diminishment of the excellent relationship" between the Father and the child. Thus, the trial court concluded relocation would not be in the best interest of the child.
After reviewing the record, we find competent and substantial evidence to support the trial court's factual findings. There was no abuse of discretion in the trial court's ruling.

Father's Petition for Modification of Visitation

Custody
The Father sought to modify custody and visitation without showing a substantial change in circumstances based on a provision in the final judgment which provided that the parties would revisit visitation when the child commenced formal schooling. The trial court found it was entitled to revisit visitation based on this provision and a provision in the MSA that made custody and visitation contingent upon the parties' completion of counseling. It is undisputed that the parties did not complete counseling; however, this issue was not raised by either party in their post-judgment petitions. We review de novo whether the trial court applied the proper law in considering a modification of a final custody determination. See Wade *547 v. Hirschman, 903 So.2d 928, 932 (Fla. 2005).
The Father's petition, although claiming to seek modification of visitation, actually sought to modify the custody determination contained in the final judgment by establishing rotating custody, instead of shared parental responsibility with the Mother designated as the primary residential parent. The Father claims that the Mother was only temporarily designated the primary residential parent. A plain reading of the MSA does not support this contention.
Where, as here, there is a final custody determination, a parent seeking to modify such a determination must demonstrate "(1) that the circumstances have substantially and materially changed since the original custody determination, and (2) that the child's best interests justify changing custody." Id. at 931 n. 2 (adopting the "substantial change test" set forth by the First District in Cooper v. Gress, 854 So.2d 262, 265 (Fla. 1st DCA 2003)). Although in Cooper and Wade the courts adopted the substantial change test for modification of a rotating custody agreement, the same concerns apply to modification of any aspect of the final judgment. Wade, 903 So.2d at 934 ("The substantial change test articulated herein applies to the modification of a divorce decree providing for the custody and care of a child."); Knipe v. Knipe, 840 So.2d 335, 339-40 (Fla. 4th DCA 2003) (citations omitted)(applying the substantial change test to petitions seeking modification of visitation).
The existence of a substantial change must be alleged on the face of the petition. Bartolotta v. Bartolotta, 687 So.2d 1385, 1387 (Fla. 4th DCA 1997). Clearly, the Father's petition does not contain any allegation of a substantial change in circumstances. To the contrary, the Father states that such a showing is not necessary. After the hearing below, and on appeal now, the Father attempts to persuade this court that the Mother's relocation petition constitutes a substantial change in circumstances sufficient to warrant modification of the final judgment. We disagree. A desire to relocate alone, as a matter of law, is not a substantial change in circumstances sufficient to warrant modification of custody. Chapman v. Prevatt, 845 So.2d 976, 981 (Fla. 4th DCA 2003)(citing Perez v. Perez, 767 So.2d 513, 517-18 (Fla. 3d DCA 2000)). Moreover, we find that the parties' failure to complete counseling does not, as a matter of law, constitute a substantial change in circumstances to support modification of a final custody determination. We render no opinion as to whether any of the other "changes" alleged by the Father are substantial changes sufficient to warrant modification because we find they were inadequately pled and because they were not the basis for the trial court's denial of the petition.
Although the trial court properly denied the Father's petition for modification of a custody determination, it erred in not following the "substantial change test" set forth in Wade.

Visitation
In addition to seeking rotating custody, the Father's petition sought modification of visitation. The Father is not required to demonstrate a substantial change in circumstances to modify the visitation provisions in the final judgment because the MSA between the parties specifically contemplated revisiting the issue of visitation at the time the child began formal schooling. See Wade, 903 So.2d at 932 n. 9 (recognizing that a final judgment may provide for a particular standard upon which to modify a final judgment); Greene *548 v. Suhor, 783 So.2d 290, 292 (Fla. 5th DCA 2001)(finding that the father was not required to satisfy the substantial change test where agreement provided that either party could apply for change in custody when child began kindergarten without demonstrating substantial change in circumstances); Mooney v. Mooney, 729 So.2d 1015, 1016 (Fla. 1st DCA 1999)(same).
However, in this case, the final judgment did specifically require the parties to attend mediation in order to revise the visitation schedule when the child began formal schooling. Because the Father failed to comply with this requirement prior to petitioning the court, the trial court ordered the parties to attend counseling and, subsequently, mediate the issue of visitation. As the trial court merely enforced what the parties' own agreement contemplated, we find no error in the trial court's ruling.

Conclusion
Because we find the Father failed to meet his burden of alleging a substantial change in circumstances sufficient to warrant modification of a final custody determination, and because we find the trial court did not abuse its discretion in denying the Mother's relocation petition, we affirm the trial court's order denying both petitions. We also affirm the trial court's order requiring the parties to attend counseling and mediation prior to petitioning the court for a change in the visitation schedule.
Affirmed.