CIKLIN, J.
 

 Jessyca Rossman, the mother, appeals the trial court’s order both denying her request to relocate to Texas and granting Gino Profera’s, the father’s, petition for modification of custody. We find that the trial court’s denial of the request to relocate was supported by substantial competent evidence. Further, we find that substantial competent evidence existed to grant the father’s petition for modification of custody because an unusual situation created a substantial change in circumstances sufficient to justify a change in custody. First, the prior final judgment of custody explicitly restricted the mother’s relocation out of Florida without permission from the father or the court. Second, despite this restriction, the mother had
 
 already
 
 relocated to Texas — without the minor child — by the time the final hearing on the relocation/modification matter occurred. And third, the mother made it clear that she would not be returning to Florida if the relocation was denied.
 

 Background
 

 After a four-year marriage, with a minor child, the mother and father were divorced on November 1, 2004. Pursuant to a mediated settlement agreement, the parties shared parental responsibility, and the mother was named the primary residential parent. The father was given visitation that consisted of alternating weekends, half the holidays, and several weeks in the summer. The final judgment expressly prohibited the mother from relocating with the minor child outside of Florida without permission from the father or the court. The parties entered into another mediated agreement on June 13, 2007, which was incorporated into an amended final judgment on June 17, 2007. This modification only slightly increased the father’s visitation time with the minor child.
 

 On January 12, 2009, the mother served a notice of intent to relocate on the father. It stated that the mother and her new husband needed to move to Texas to accept job offers there. The father filed an objection to the notice of intent to relocate. On June 10, 2009, despite the relocation issue still pending with the trial court, the mother moved to Texas with her husband, their child, and the husband’s child. The mother left the minor child in the custody of the father in Florida while the relocation issue was pending before the trial court. The mother and her husband purchased a house in Texas and rented out their house in Florida.
 

 On July 10, 2009, the father filed a supplemental petition for modification of residential responsibility, timesharing, and other relief, in which he requested the trial court designate him the primary residential parent. On July 30 and 31, 2009, the trial court held a hearing on the mother’s request to relocate and the father’s petition to modify custody.
 

 
 *365
 
 The mother and her husband testified that they were offered new jobs with their current employers, essentially the same entity, and were told that if they did not move to Texas to accept the new jobs, they would be terminated at their Florida jobs. The mother testified that she and her husband accepted the jobs, moved to Texas, and purchased a house there. The mother conceded that the minor child maintained a close relationship with the father, who saw the minor child regularly, spoke to the minor child daily by telephone, participated as a coach for the minor child’s baseball team, and took the minor child fishing and camping.
 

 The father testified that he relocated after the divorce to be close to the minor child. He and the minor child participated in many activities together and he sometimes even had lunch with the minor child at his school.
 

 Importantly, during the hearing, both the mother and her attorney indicated to the trial court that she would not be leaving Texas, no matter how the trial court ruled. When asked during cross-examination what her “plan B” was if the trial court ruled that the minor child could not relocate to Texas, the mother said she and the minor child’s half-brother and stepbrother — already living in Texas — would be “devastated” but she would “try to make it work.” During closing argument, counsel for the mother stated, “Starting out, it sounded like a relocation case, and really it’s turned into you have the mom in Texas
 
 for sure.
 
 You have the dad here for sure, and so somebody is going to have a long distance relationship.” This was a clear indication to the trial court that the mother was unwilling to return to Florida, no matter how the court ruled on her relocation request.
 

 At the conclusion of the hearing, the trial court orally denied the mother’s relocation request and granted the father’s petition for modification of custody. On November 25, 2009, the trial court issued a detailed written order containing numerous factual findings and reiterating the oral pronouncement issued at the conclusion of the hearing. The mother appeals.
 

 Relocation
 

 The mother argues that the trial court’s finding that her proposed timesharing arrangement would not allow the father to maintain a continuing meaningful relationship with the minor child was not supported by competent substantial evidence. We disagree.
 

 This court reviews a trial court’s decision on a petition to relocate for an abuse of discretion.
 
 See Botterbusch v. Botterbusch,
 
 851 So.2d 903, 904 (Fla. 4th DCA 2003). This includes reviewing whether substantial competent evidence exists to support the trial court’s findings concerning the statutory factors.
 
 Id.
 

 One of the statutory factors a trial court must consider when a party asks the court for permission to relocate is:
 

 The feasibility of preserving the relationship between the nonrelocating parent or other person and the child through substitute arrangements that take into consideration the logistics of contact, access, and time-sharing, as well as the financial circumstances of the parties;
 
 whether those factors are sufficient to foster a continuing meaningful relationship between the child and the nonrelocating parent or other person;
 
 and the likelihood of compliance with the substitute arrangements by the relocating parent or other person once he or she is out of the jurisdiction of the court.
 

 § 61.13001(7)(e), Fla. Stat. (2008) (emphasis added). Ultimately, the concern in a relocation determination is whether the relocation is in the best interests of the child.
 
 *366
 
 In fact, courts have held that relocation cannot be based solely upon a finding that it would serve the best interests of the custodial parent — not the minor child.
 
 See Fredman v. Fredman,
 
 960 So.2d 52, 60-61 (Fla. 2d DCA 2007) (affirming the trial court’s denial of relocation because the evidence indicated that the relocation was in the mother’s best interest but not the minor child’s);
 
 Berrebbi v. Clarke,
 
 870 So.2d 172, 173 (Fla. 2d DCA 2004) (reversing an order granting a relocation request because “[a]ny evidence regarding the benefits of relocation related to the Mother and her new husband” and there was no evidence that relocation would be good for the minor child);
 
 Kuntz v. Kuntz,
 
 780 So.2d 1022, 1023 (Fla. 4th DCA 2001) (“[The relocation statute] imposes an intensely fact specific framework on the relocation decision, where the trial judge may base a decision on what is best for the child, even though a result may not be best for the primary residential parent seeking to relocate.” (citation and internal quotation marks omitted)).
 

 The trial court found that the mother’s substitute timesharing arrangement would not allow the father to maintain a continuing meaningful relationship with the minor child and that the substitute arrangement was not in the minor child’s best interest. The mother proposed allowing the minor child, who was seven years old at the time of the hearing, to fly eleven unaccompanied round-trips per year between Texas and Florida to visit the father. The trial court found that this arrangement would “drastically limit the [father’s] active, ongoing participation in the child’s life, which is not in the best interests of the child.” The trial court’s finding was based upon both the father and mother’s testimony about the father’s extremely involved role in the minor child’s life, which the mother does not contest. Thus, we cannot say that the trial court’s finding that the substitute arrangement would substantially interfere with this relationship was not supported by substantial competent evidence. Because the mother only challenges the denial of relocation on these narrow grounds, we decline to analyze the trial court’s contemplation of the other statutory relocation factors and affirm the denial of the relocation request.
 

 Modifícation of Custody
 

 The mother challenges the change of primary custody from her to the father on two grounds: (1) that there was no evidence of a substantial change in circumstances or that a change in custody would be in the minor child’s best interest, and (2) that the trial court failed to include an express finding of a substantial change in circumstances in the order. We disagree that there was no evidence of a substantial change in circumstances or no evidence that a change of custody was in the minor child’s best interest; and we find that a substantial change in circumstances, while not explicitly stated in the order, is apparent from the unique circumstances of this case.
 

 “A trial court may not modify custody or visitation unless the party moving for such modification demonstrates: (1) a substantial or material change in the circumstances of the parties since the entry of the custody and visitation order; and (2) that the welfare of the child will be promoted by a change in custody and visitation.”
 
 Botterbusch,
 
 851 So.2d at 905 (citation and quotation marks omitted).
 

 The mother’s argument here is that the trial court could not base a finding of a substantial change in circumstances on the mother’s relocation. Courts, including this court, have held that relocation
 
 alone
 
 does not constitute a substantial change in cir
 
 *367
 
 cumstances.
 
 See Ogilvie v. Ogilvie,
 
 954 So.2d 698, 701 (Fla. 1st DCA 2007) (“ ‘[Cjourts have routinely held that relocation
 
 alone
 
 is not a substantial change in circumstances to support a modification of custody.’ ” (quoting
 
 Shafer v. Shafer,
 
 898 So.2d 1058, 1055-56 (Fla. 4th DCA 2005)));
 
 Giangrande v. Henao,
 
 898 So.2d 1104, 1106 (Fla. 2d DCA 2005) (“[The mother’s] move to a foreign country, without more, is not a substantial change of circumstances.”);
 
 Sotomayor v. Sotomayor,
 
 891 So.2d 559, 561 (Fla. 2d DCA 2004) (“[A] custodial parent’s move to a foreign state, without more, is not a substantial change of circumstances that would support a modification of custody.”);
 
 Chapman v. Prevatt,
 
 845 So.2d 976, 981 (Fla. 4th DCA 2003) (“The mother’s desire to relocate to Colorado, in the absence of other compelling circumstances, does not in and of itself support a change of custody.”).
 

 A vital factor, however, distinguishes the instant case from the aforementioned cases: the mother had
 
 already
 
 relocated, despite a pending relocation request based upon the prior final judgment’s
 
 explicit restriction on relocation,
 
 and
 
 the mother did not intend to move back to Florida.
 
 The trial court’s denial of the relocation request, which we have already addressed and affirmed, properly denied the request to relocate with the minor child. This meant that the minor child would not be leaving Florida. However, the mother had already moved to Texas and was not returning.
 
 [1]
 
 The end result was this: the minor child, who was not leaving Florida, lived in an entirely different state from the then-custodial parent, who was not moving back to Florida. Given this unique situation, the evidence clearly indicated that a substantial change in circumstances had occurred.
 

 As for whether there was evidence that a change in custody would be in the minor child’s best interest, we find that there was. Both the mother and father agreed that the father had an active, ongoing relationship with the minor child. The trial court found “that the undisputed, clear and convincing evidence showed that the [father] maintains a strong and close bond and relationship with the child.” It was clearly in the best interest of the child, who was staying in Florida per the trial court’s denial of the request to relocate, to live with his father in Florida. It bears repeating that the mother made it clear she was not returning to Florida.
 

 The mother further argues that the order should be reversed because it does not explicitly find that a substantial change in circumstances had occurred. Insofar as the order does not state the exact words, “substantial change in circumstances,” the mother is correct. However, we do not agree that a modification order without those exact words is
 
 per se
 
 reversible. Courts have stated that the noncustodial parent’s failure to plead a substantial change in circumstances
 
 coupled with
 
 the trial court’s failure to include an express finding of a substantial change in circumstances in its order constituted a reversible error.
 
 See Clark v. Clark,
 
 35 So.3d 989, 991 (Fla. 5th DCA 2010) (“[T]he failure to plead and prove a substantial change of circumstances and the lack of appropriate findings in the order under review require reversal.”);
 
 Bon v. Rivera,
 
 10 So.3d 193, 195 (Fla. 4th DCA 2009) (“[I]f the noncustodial parent fails to allege that a substantial and material change has occurred and the trial court fails to make a
 
 *368
 
 similar finding, the modification order should be reversed.” (quoting
 
 Bartolotta v. Bartolotta,
 
 687 So.2d 1385, 1387 (Fla. 4th DCA 1997))).
 
 But see Moore v. Wilson,
 
 16 So.3d 222, 224 (Fla. 5th DCA 2009) (noting that “the trial court failed to make the required express finding of a substantial change of circumstances” which is “not simply a formality”);
 
 Kilgore v. Kilgore,
 
 729 So.2d 402, 405-07 (Fla. 1st DCA 1998) (stating initially that “[a] modification order should be reversed if the noncustodial parent fails to allege the occurrence of a substantial and material change of circumstances, and the trial court fails to make a finding to that effect” but ultimately concluding that the order was “deficient because the trial court failed to make an express finding of a substantial change of circumstances” and reversing).
 

 Under the unique facts of this case, we find that the order’s lack of an express finding of a substantial change in circumstances was not a reversible error.
 
 Cf. Straney v. Floethe,
 
 58 So.3d 374, 375 (Fla. 2d DCA 2011) (“In this case, the trial court did not make an express finding that a substantial, material, and unanticipated change in circumstances had occurred. The record does not permit us to conclude that such a finding is implicit in this order”). First, the father’s petition for modification explicitly pled a substantial change in circumstances and that a change in custody would be in the minor child’s best interest. Second, the trial court offered many pages of detailed factual findings in its order from which a substantial change in circumstances is apparent. Third, the record also supports the conclusion that a substantial change in circumstances occurred — the mother moved to Texas and was unwilling to return to Florida when the trial court denied the relocation request.
 

 The mother raises a third issue in her appeal regarding the trial court’s findings as to her income. We have reviewed this issue thoroughly and affirm without further comment.
 

 Based upon the unique circumstances of this case, we affirm the trial court’s order denying the mother’s request to relocate and granting the father’s petition for modification.
 

 Affirmed.
 

 GROSS and HAZOURI, JJ., concur.
 

 [1]
 

 . It is worth noting that the trial court found in its order that the mother’s move to Texas, while without the court’s permission, was not in bad faith. We have found no reason to doubt this conclusion.