SCHWARTZ, Senior Judge.
The father of a ten-year old appeals from an order granting her mother’s petition to relocate her from Miami, where the father lives, to California. Far from embodying the abuse of discretion which would be required for reversal of an order like this one entered pursuant to Section 61.13001, Florida Statutes (2010), see Muller v. Muller, 964 So.2d 732 (Fla. 3d DCA 2007) (abuse of discretion standard applies to orders of relocation); Dorta-Duque v. Dorta-Duque, 791 So.2d 1148 (Fla. 3d DCA 2001) (same), we find the order below, which is attached, a model of form, content, and judicial conscientiousness. It is, therefore
Affirmed.
APPENDIX
IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA
FAMILY DIVISION
IN RE: Abraham Israel Valqui, Petitioner/Father,
and
Lily Marie Rodriguez, Respondent/Mother.
_/
Case No. 2003-15908 FC 33

ORDER ON MOTHER’S REQUEST TO RELOCATE WITH THE MINOR CHILD

THIS MATTER was heard by the Court on August 3, 2011. After considering the credible evidence and testimony and argument of counsel, it is hereby ORDERED as follows:
This is a paternity action. There is one minor child: Desiree Marie Valqui, born June 6, 2001. A Final Judgment of Paternity was entered on August 5, 2005. The Judgment sets forth a time sharing plan.
The Mother has filed a Petition to Relocate to Concord, California, and the father objects.
The Court has conducted a final hearing on this date on the issue of relocation and *752 heard from the Guardian ad Litem Patrick Vilar, who testified that he opposes relocation but admits that the parents are excellent caring parents who are both very involved in the child’s upbringing. He also points out that Dr. Cristina Grand recommends that it would be better for the minor child to remain in Miami, Florida. The Doctor, however, was not called as a witness as it is not clear what the recommendation is based on. The child has expressed no preference with regards to relocating.
The Court also heard from the Lily Marie Rodriguez and Barry Bena Jr., who presently reside in Concord California, pursuant to his assignment in the Coast Guard. They reside in a nice two story home with plenty of accommodations for the entire family. The mother is not employed at this time and the parties have agreed that she will be a stay at home mother.
The relocation statute makes clear what steps a parent must take in order facilitate the relocation process. The parent with whom the child maintains a residence with has the duty to inform all other parties who are entitled to timesharing of his or her intentions to move if the move is more than 50 miles away from the other parent’s home residence and if the move will be for more than 60 consecutive days (permanent in nature). The statute also states that no presumption will arise in favor of or against a request to relocate with the child when the move will materially affect the current schedule of contact, access and timesharing with the non-relocating parent.
The initial burden of proof is on the parent wishing to relocate to prove by a preponderance of the evidence that relocation is in the best interest of the child. If that burden of proof is met, the burden shifts to the non-relocating parent to show by a preponderance of the evidence that the proposed relocation is not in the best interest of the child.
In reaching a decision regarding a proposed temporary or permanent relocation, the court shall evaluate all of the following factors:”
(a) The nature, quality, extent of involvement, and duration of the child’s relationship with the parent proposing to relocate with the child and with the non-relocating parent, other persons, siblings, half-siblings, and other significant persons in the child’s life.
The child has an excellent and extremely close relationship with the Mother. The child has shared the vast majority of time with the Mother since birth.[1] The Mother has been the primary caretaker of the child since birth and has been involved in the day to day care and attention of the child, including doing homework and meeting her needs. The Mother will be the parent that takes the child to school and picks up after school every day. She will be the parent that takes the child to her medical checkups or any other social activity.
(b) The age and developmental stage of the child, the needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development, taking into consideration any special needs of the child.
The child is ten (10) years of age and it appears that she is developing appropri *753 ately for her age. The child will be physically cared for by her Mother and will be living with her two siblings. Due to the child’s age and the family ties, the child will easily adjust to the new environment relatively quickly. The Father can communicate with the child via internet, web-cam and telephone. The child does have special needs but these needs can be addressed in the new environment.
(c)The feasibility of preserving the relationship between the non-relocating parent or other person and the child through substitute arrangements that take into consideration the logistics of contact, access, and time-sharing, as well as the financial circumstances of the parties; whether those factors are sufficient to foster a continuing meaningful relationship between the child and the non-relocating parent or other person; and the likelihood of compliance with the substitute arrangements by the relocating parent once he or she is out of the jurisdiction of the court.
The Mother believes that it is in the child’s best interest that Desiree maintain a good relationship with the Father. Although California is a far distance away from South Florida, the Mother believes that the child can spend extended periods of time with the Father during the Summer Winter breaks and holidays. The Mother does not believe that the relocation will sever the relationship because the child will be in contact with the Father telephonically, via the Web-Internet and available to visit with the Father during the Summer time and Winter breaks.
The Mother has offered to pay for all travel expenses for the child to visit the father in South Florida. The likelihood that the Mother will comply with the substitute arrangement is very high. The Mother has never denied the Father time sharing and understands that it is in the child’s best interest to have a good relationship with the Father.
(d) The child’s preference, taking into consideration the age and maturity of the child.
The child has expressed no preference with regards to relocation.
(e) Whether the relocation will enhance the general quality of life for both the parent seeking the relocation and the child, including, but not limited to, financial or emotional benefits or educational opportunities.
The relocation will enhance the general quality of life for the Mother in that if she will be able to be a stay at home mother and care for her children on a full time basis. She will not have to worry about living expenses. Her husband is capable of supporting the family with his income from the Coast Guard.
As to the Father, the relocation will not significantly affect his general quality of life beyond the loss of his time sharing with the child.
(f) The reasons of each parent or other person for seeking or opposing the relocation.
The Mother has a legitimate and well founded need to relocate.
The Father is opposing the relocation because he believes it would significantly reduce his time with the child, would interfere with Desiree’s relationship with his *754 family. He also believes that the lengthy travel times (8-10 hours) for the flights and the time difference would make travel more onerous for Desiree.
(g) The current employment and economic circumstances of each parent or other person and whether or not the proposed relocation is necessary to improve the economic circumstances of the parent or other person seeking relocation of the child.
The parties need to relocate in order for the family to maintain gainful employment with the United States Coast Guard.
(h) That the relocation is sought in good faith and the extent to which the objecting parent has fulfilled his or her financial obligations to the parent or other person seeking relocation, including child support, spousal support, and marital property and marital property and marital debt obligations.
The Mother is seeking the relocation in good faith to enhance the quality of life for herself and her family.
(i) The career and other opportunities available to the obligating parent or objecting other person if the relocation occurs.
The Mother claims she will have a better life with the children in California and be available to the children on a full time basis while her husband works in the Coast Guard. The Father has worked for the same company for the past several years and his future prospects with the company are good.
(j) A history of substance abuse or domestic violence as defined in s. 741.28 or which meets the criteria of § 39.806(l)(d) by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
None.
(k) Any other factor affecting the best interest of the child or as set forth in s. 61.13.
All relevant factors have already been discussed, supra.

CONCLUSIONS

This is an extremely difficult decision for the Court and an extremely close call. Both parents clearly love the child and want to maintain a close relationship with the child. On balance, however, the court believes that the Mother has met her burden of establishing that the best interests of the child would be served by the relocation.
The motion for relocation is granted.
The Mother may relocate to California and the child must be enrolled in school there. The Mother must meet the following conditions:
1. Ensure that Desiree has a computer with an internet connection and a webcam and any necessary software to allow the child to communicate by webcam with the Father and her half-siblings set up in the home where she will be living.
If the Mother does not comply with this condition, the court will find such to be a substantial change in circumstances warranting a reconsideration of this relocation and will enter an order requiring her to return to Florida with the child.
*755 The Father may also share time with the child in California at any other time as long as he gives the Mother one week notice and his time sharing does not cause her to miss school.
The Mother shall ensure that the internet and webcam continue to allow virtual contact between the child and Father on a daily basis. The child shall also have her own email address.
At least one time per week, at a day and time designated by the Father in writing, the Mother shall initiate a telephone call from the child to the Father at the Mother’s expense. The Father shall be able to telephone the child at least one time per day at his own expense.
The Mother shall be responsible for physically transporting the child to Florida for the Father’s time sharing. The Mother shall make the flight arrangements since she expressed the ability to get better fares through her family connections.
Each side will pay their respective attorney’s fees. The Court orders the Father to pay any outstanding fees due to the Guardian ad Litem.
DONE AND ORDERED in Miami-Dade County, Florida, this 4th day of August, 2011.

/signed,/

Reemberto Diaz
Circuit Court Judge

. Inasmuch as the record shows almost completely equal parental timesharing with the child, this statement is incorrect. We do not consider the error material to our decision.