# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2742

_____

BROOKE LARAE NESS f/k/a
Brooke Larae Martinez,

    Appellant,

    v.

ROBERT JASON MARTINEZ,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Keith Brace, Judge.

June 13, 2018

B.L. THOMAS, C.J.

Appellant raises several issues challenging the lower court's order denying her petition for relocation and granting Appellee's petition for modification of time-sharing. We address each of Appellant's arguments.

We reject Appellant's argument that the trial court violated the holding of *Perlow v. Berg-Perlow*, which states that while a proposed order "can serve as a starting point and reminder of the facts and issues that should be considered . . . such submissions cannot substitute for a thoughtful and independent analysis . . . by the trial judge." 875 So. 2d 383, 389-90 (Fla. 2004). "But *Berg-Perlow* held only that a judge *should* announce findings

*when possible;* it did not mandate that he or she do so[.]" *In re: T.D. v. Department of Children and Family Servs.*, 924 So. 2d 827, 831 (Fla. 4th DCA 2005) (emphasis in original). Here, after actively participating in the trial, the court stated it would review the exhibits before reaching a decision, and neither party objected to the court's request for written closing arguments and proposed orders. *See Empire World Towers, LLC v. CDR Creances, S.A.S.*, 89 So. 3d 1034, 1046 (Fla. 3d DCA 2012) (holding there was no impropriety where the trial court adopted one party's proposed order after submissions from both parties); *Beharry v. Drake*, 52 So. 3d 790, 792 (Fla. 5th DCA 2010) (affirming order adopted verbatim from one party's proposed final judgment where both parties submitted proposals, the court did not enter judgment until six days after receiving the proposals, the record did not reveal any impropriety, and the findings were supported).

We also disagree with Appellant's contention that the trial court reversibly erred in denying her petition for relocation. An order on a petition for relocation is reviewed for an abuse of discretion, and the appellate court considers whether competent, substantial evidence supports the court's findings under section 61.13001(7), Florida Statutes. *Muller v. Muller*, 964 So. 2d 732, 733 (Fla. 3d DCA 2007). While there is no presumption in favor of or against allowing relocation, the party seeking to relocate carries the burden to prove the move is in the child's best interest. *See* § 61.13001(7)-(8), Fla. Stat.

Appellant asserts there was evidence that relocation was in the child's best interest, as the child had always done well in her care, she had secured stable employment in Alabama with an increased salary and more job security, and her proposed relocation plan included more overnight time-sharing for Appellee than under the final judgment of dissolution. She further argues the court failed to consider the financial benefits to be gained by relocation.

The court's findings as to the benefits and detriments of the proposed relocation are supported by competent, substantial evidence. *See Muller*, 964 So. 2d at 733. This evidence supports the court's conclusion that relocation would remove the child from

2

the extended family, and that relocation would not increase the child's educational opportunities. Although our view may not be the same as that of the trial court, we can only review the record for supporting evidence, and cannot "'engage in 'reweighing the evidence and making the value judgments that are appropriate for the trial judge.'" *Botterbusch v. Botterbusch*, 851 So. 2d 903, 904-05 (Fla. 4th DCA 2003) (quoting *Flint v. Fortson*, 744 So. 2d 1217, 1218 (Fla. 4th DCA 1999)). The trial court did not ignore the evidence presented by Appellant, but found these benefits were outweighed by the negative impacts on the child that would result from the relocation.

We must disagree also with Appellant's argument that the trial court reversibly erred in its order modifying time-sharing. Appellate courts review orders modifying time-sharing for an abuse of discretion, although the discretion afforded to trial courts in modification is narrower than in initial time-sharing determinations. *Ragle v. Ragle*, 82 So. 3d 109, 111 (Fla. 1st DCA 2011). A modification order must be supported by competent, substantial evidence showing there has been a substantial and material change in circumstances since the final judgment of dissolution, and that the modification will be in the best interests of the child. *Lewandowski v. Langston*, 969 So. 2d 1165, 1169 (Fla. 5th DCA 2007); *see also* § 61.13(3), Fla. Stat.

Appellant asserts that the court's decision to grant modification was based solely on her relocation and on the parties' agreement to temporarily expand Appellee's time-sharing upon his return from deployment, arguing that neither of these are legally sufficient bases for modification. *See, e.g., Segarra v. Segarra*, 947 So. 2d 543, 547 (Fla. 3d DCA 2006) ("A desire to relocate alone, as a matter of law, is not a substantial change in circumstances sufficient to warrant modification of custody."); *Smoak v. Smoak*, 658 So. 2d 568, 569 (Fla. 1st DCA 1995) (explaining that using the parties' mutual agreement to temporarily expand visitation as the basis for modification would discourage cooperation between parents).

Relocation alone is not necessarily sufficient to constitute a substantial change of circumstances warranting modification of the time-sharing arrangement. *See, e.g., Ragle*, 82 So. 3d at 112;

3

*Ogilvie v. Ogilvie*, 954 So. 2d 698, 701 (Fla. 1st DCA 2007); *Segarra*, 947 So. 2d at 547. However, in *Rossman v. Profera*, the Fourth District affirmed an order denying relocation and granting modification under circumstances similar to those presented here. 67 So. 3d 363 (Fla. 4th DCA 2011). In *Rossman*, the court recognized the general proposition that relocation alone cannot support modification, but observed:

> A vital factor, however, distinguishes the instant case from the aforementioned cases: the mother had *already* relocated, despite a pending relocation request based upon the prior final judgment's *explicit restriction on relocation,* and *the mother did not intend to move back to Florida.* The trial court's denial of the relocation request, which we have already addressed and affirmed, properly denied the request to relocate with the minor child. This meant that the minor child would not be leaving Florida. However, the mother had already moved to Texas and was not returning. The end result was this: the minor child, who was not leaving Florida, lived in an entirely different state from the then-custodial parent, who was not moving back to Florida. Given this unique situation, the evidence clearly indicated that a substantial change in circumstances had occurred.

*Id.* at 367 (footnote omitted; emphasis in original).

Here, under the final judgment of dissolution, the parties were prohibited from moving more than fifty miles from their present residence without following the provisions of section 61.13001, Florida Statutes. While Appellant did notify Appellee of her intention to move a month before the relocation, she did not secure his written consent or file a formal petition, as required. § 61.13001(3), Fla. Stat. And there was no indication that Appellant planned to return to Florida if the relocation petition were denied. *Cf. Rossman*, 67 So. 3d at 365 (noting testimony and closing argument indicating "that the mother was unwilling to return to Florida, no matter how the court ruled on her relocation request.").

We again caution trial courts, however, that it is not proper to use a parent's cooperation against that parent. As we have previously recognized, this "'would have the deleterious effect of discouraging cooperation between parents when they agree to make temporary changes in their children's living arrangements to serve their children's best interests.'" *Smoak*, 658 So. 2d at 569 (quoting *Henderson v. Henderson*, 537 So. 2d 125, 127 (Fla. 1st DCA 1988)); *but see Pedersen v. Pedersen*, 752 So. 2d 89, 91 (Fla. 1st DCA 2000) (holding that the view that *Smoak, Henderson*, and similar cases precluded using voluntary relinquishment of custody as a basis for modification under *any* circumstances was "misleading and overly broad," and reversing dismissal of petition for modification where the mother voluntarily left the child with the father for an extended period, did not fully take advantage of visitation, and the child was thriving with the father and wanted to remain in his care). Here, the trial court did not commit reversible error in granting the modification, but we do acknowledge that Appellant did not demonstrate a disinterest in maintaining time-sharing by allowing Appellee additional time with the child, following Appellee's deployment. Such cooperation is to be commended.

Regarding the order on child support, we reverse and remand the lower court's award. We review an award of child support to determine whether it is based on competent, substantial evidence of the parties' net income. *Vanzant v. Vanzant*, 82 So. 3d 991, 993 (Fla. 1st DCA 2011); *see also* § 61.30, Fla. Stat. (providing for calculation of child support based on the parties' net income, and explaining that net income is determined by subtracting allowable deductions from gross income). Here, the court did not make an express finding as to the parties' gross or net income, but ordered Appellant to pay $608 to Appellee in monthly child support, apparently based on the support guidelines worksheet submitted by Appellee. While the gross income amount used for calculating Appellant's net income matches the figure on her most recent financial affidavit, Appellee's worksheet fails to subtract some of the allowable deductions listed on Appellant's affidavit. This discrepancy is not explained by any testimony or other evidence in the record contesting these deductions. Thus, because the record lacks a basis supporting the net income used in calculating Appellant's

child support obligation, the award must be reversed for reconsideration. *Vanzant*, 82 So. 3d at 993. On remand, "the trial court shall make specific findings explaining how the award was calculated and justifying any material deviation from the guideline support amount." *Id.* (citing § 61.30(1)(a), Fla. Stat.).

Finally, with regard to Appellant's challenge to the court's ruling on attorney's fees and costs, an appellate court lacks jurisdiction to review an attorney's fees award "until both the issues of entitlement and amount are ruled upon*." Allstate Ins. Co. v. Jenkins*, 32 So. 3d 163, 165 (Fla 5th DCA 2010); *see also Magnolia Fla. Tax Certificates v. Alexa1*, 229 So. 3d 1288 (Fla. 1st DCA 2017). Here, the lower court reserved jurisdiction to determine Appellee's request for attorney's fees, but did not rule on the amount. Accordingly, we decline to consider the arguments regarding fees and costs. *See Salem v. Abram*, 868 So. 2d 1213, 1214 (Fla. 2d DCA 2004) (affirming the judgment in part, but dismissing the portion of the appeal challenging attorney's fees, where the trial court had not yet determined the amount to be awarded).

AFFIRMED in part, REVERSED in part, DISMISSED in part, and REMANDED.

BILBREY and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

David A. Carroll, Pensacola, for Appellant.

Robert Jason Martinez, pro se, Appellee.

6