# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2301
Lower Tribunal No. 15-15812-FC-04
_____

**Diana Blakeslee,**
Appellant,

vs.

**Quermin Madrigal,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Marro Law, P.A., and Meaghan K. Marro (Plantation), for appellant.

Law Office of Elena Vigil-Farinas, P.A., and Elena Vigil-Farinas (Tavernier), for appellee.

Before EMAS, FERNANDEZ and GOODEN, JJ.

PER CURIAM.

Appellant Diana Blakeslee challenges the trial court's order granting Appellee Quermin Madrigal's request to relocate the minor child from Tavernier, Florida, to Cape Coral, Florida. The trial court found that relocation was in the best interests of the child. In doing so, it made numerous findings of fact which tracked the relocation statute, including credibility findings of the parties. § 61.13001(7)(a)–(k), Fla. Stat. (2024). We affirm the order in all respects. See Ness v. Martinez, 249 So. 3d 754, 757 (Fla. 1st DCA 2018) ("An order on a petition for relocation is reviewed for an abuse of discretion, and the appellate court considers whether competent, substantial evidence supports the court's findings under section 61.13001(7), Florida Statutes."); Greenwood v. Greenwood, No. 3D24-1585, 2025 WL 2656234, at *1 (Fla. 3d DCA Sept. 17, 2025) ("But the trial court simply did not abuse its discretion. Instead, it properly exercised that discretion. Its findings were supported by competent, substantial evidence. This evidence was 'reasonable and logical.' To hold otherwise would require us to reweigh evidence and substitute our judgment and findings for those of the trial court. This we cannot do.") (internal citations omitted).

Affirmed.