# Third District Court of Appeal

## State of Florida

Opinion filed August 11, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1245
Lower Tribunal No. 15-12561
_____

**Guillermo Izaguirre,**
Appellant,

vs.

**Ana Julia Sanchez,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellant.

Cristobal D. Padron & Assoc., P.A., and Cristobal D. Padron, for appellee.

Before HENDON, GORDO, and BOKOR, JJ.

HENDON, J.

Guillermo Izaguirre ("Father") appeals from a non-final "Order on

Case Management Conference Granting Relocation," allowing the parties' minor child, E.G.I., to relocate to Madrid, Spain, to reside with her mother, Ana Julia Sanchez ("Mother"). We affirm the order under review without prejudice to the Father appealing the Final Judgment and Parenting Plan when entered, if he chooses to do so.

In 2015, the Father filed an action to determine paternity of the minor child, who was born in 2009 in Miami, Florida. In June 2017, the trial court entered a final judgment finding that the Father was the child's biological father, incorporating the parties' parenting plan, which granted each party equal timesharing.

In August 2017, the Mother was arrested and charged with misdemeanor battery after the Father called the police alleging she hit him at the minor child's school.[1] Due to the Mother's undocumented status, an immigration hold was placed, and the Mother was detained. While detained, the Mother did not have any contact with the minor child until she sought, and was granted, relief from the trial court.[2]

---

[1] The Mother asserted that the Father was aware of her immigration status, and when he called the police, he told her that he was "going to bury her and get full custody." The Mother has denied that she hit the Father, and claims that she was the actual victim.

[2] After the Mother filed a motion seeking contact with the minor child, the Father did not object to telephonic communications, and thereafter, the trial

2

The Mother was deported on December 11, 2017. On January 22, 2018, the Mother filed a petition to relocate the child to Honduras at the end of minor child's school year. After the Mother filed her petition to relocate, the Mother moved to Madrid, Spain, but did not amend her petition to relocate. The Mother, however, filed an amended motion to allow the minor child to travel to Spain for two weeks for timesharing during the summer of 2018. In May 2018, upon the Mother's motion, the trial court entered an agreed order appointing a guardian ad litem for the minor child, ordering, in part, that the guardian ad litem address the statutory factors in section 61.13001 of the Florida Statutes when addressing whether the minor child should be permitted to relocate to Spain. Thereafter, in July 2019, the trial court entered an agreed order allowing the minor child to travel to Madrid, Spain, from August 13 to August 18, 2019, accompanied by the guardian ad litem, Mr. Karim Batista, Esq.

A non-jury trial was set for August 20, 2020, on the Mother's petition to relocate, and a case management conference was set for August 25, 2020. There is no transcript of the non-jury trial where the trial court addressed and ruled on whether the minor child should be permitted to relocate to Madrid, Spain, where the Mother resides. At the case

court entered an order allowing the Mother to have daily communications with the minor child via telephone, Skype, etc.

3

management conference, the trial court informed the parties that another case management conference would be held on September 10, 2020, to address the progress made in applying for the minor child's student visa.

On August 27, 2020, the trial court entered an Order on Case Management Conference Granting Relocation. The order provides, in part, that an evidentiary hearing was conducted on August 20, 2020, and "after taking testimony, receiving and reviewing evidence, and considering the factors in Fla. Stat. 61.13001 found that it was in the best interest of the minor child that the relocation be granted." The trial court noted that based on the guardian ad litem's testimony, the minor child can remain in Spain for sixty days without a visa, and with a certified copy of the non-final order, the minor child can apply for a student visa and, if granted, she can remain in Spain legally. The trial court permitted the minor child to travel to Spain on August 30, 2020, to allow the minor child to quarantine prior to the start of the school year on September 7, 2020. Further, non-final order also states that the child shall relocate to Spain and reside with the Mother until further order of Court, subject to the Final Judgment and Parenting Plan that the parties are presently in the process of drafting.[3] The non-final

---

[3] In his initial brief, the Father's counsel stated: "[T]he Father is not in the process of drafting a 'Final Judgment and Parenting Plan', as the Father is not in agreement for the parties' minor child to relocate to Spain."

order does not address the statutory factors. The Father's non-final appeal followed.

On September 8, 2020, the Father filed an Emergency Motion for Stay Pending Review and for Other Relief in this Court. This Court denied the motion without prejudice, pending the status of the case management conference scheduled for September 10, 2020. The appendices filed by the parties, this Court's docket, and the lower tribunal's docket do not indicate this case management hearing actually occurred.

The Father contends that the trial court violated his due process rights by allowing the minor child to relocate to Spain because the Mother's petition to relocate requested that the minor child be permitted to relocate to Honduras, not Spain. The Father's argument lacks merit.

The record indicates that the Father was fully aware that the Mother had relocated to Spain after filing her petition to relocate and was seeking to have the child relocate to Spain, not Honduras. The trial court entered an agreed order allowing the minor child to travel to Spain during the summer of 2019 for timesharing, and the minor child did in fact travel to Spain along with the court-appointed guardian ad litem. In addition, the trial court instructed the guardian ad litem to consider whether it was in the minor child's best interest to relocate to Spain. As such, we conclude that

5

the Father's argument lacks merit.

At this point, we cannot determine whether the trial court abused its discretion by allowing the minor child to relocate to Spain. See Segarra v. Segarra, 947 So. 2d 543, 545 (Fla. 3d DCA 2006) (recognizing that an appellate court reviews "trial court's decision on relocation for abuse of discretion"); Rossman v. Profera, 67 So. 3d 363, 365 (Fla. 4th DCA 2011) (stating that a trial court's ruling on a motion to relocate is reviewed for an abuse of discretion). The purpose of the non-final order entered on August 27, 2020, was to allow the minor child to relocate to Spain on August 30, 2020, which would allow her to time to quarantine prior to the start of school year on September 7, 2020. The order under review indicates that the parties would prepare a Final Judgment and Parenting Plan consistent with the trial court's ruling. However, the Final Judgment and Parenting Plan has not been filed. As such, at this point, we cannot address whether the trial court abused its discretion in allowing the minor child to relocate to Spain. Therefore, although we affirm the non-final order under review, we do so without prejudice to the Father appealing the Final Judgment and Parenting Plan when entered, if he chooses to do so, including his argument raised in this non-final appeal that the trial court abused its discretion by authorizing the child to relocate to Spain based on its "flawed"

6

conclusion that relocation would be in the child's best interest.

Finally, the remaining argument raised by the Father does not merit discussion. Accordingly, we affirm the non-final order under review without prejudice.

Affirmed without prejudice.