870 So.2d 172 (2004)
Albert A. BERREBBI, Appellant,
v.
Dominique CLARKE f/k/a Dominique Berrebbi, Appellee.
No. 2D03-2236.
District Court of Appeal of Florida, Second District.
January 30, 2004.
Rehearing Denied March 18, 2004.
Allison M. Perry of Law Offices of Allison M. Perry, P.A., Tampa, for Appellant.
Wesley Pardue of Knox & Givens, P.A., Tampa, for Appellee.
STRINGER, Judge.
Albert Berrebbi (the Father) seeks review of the final order granting the petition for relocation filed by Dominique Clarke (the Mother). The parties divorced in June 2000, and the Mother filed the petition on October 17, 2001, to relocate the parties' seven-year-old child from Tampa, Florida, to Coral Springs, Florida.
*173 Because the trial court's findings are not supported by substantial competent evidence, we reverse.
In ruling on a petition for relocation, section 61.13(2)(d), Florida Statutes (1997), provides that the court must consider the following factors:
1. Whether the move would be likely to improve the general quality of life for both the residential parent and the child.
2. The extent to which visitation rights have been allowed and exercised.
3. Whether the primary residential parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child and the secondary residential parent.
5. Whether the cost of transportation is financially affordable by one or both parties.
6. Whether the move is in the best interests of the child.
The statute further directs that "[n]o presumption shall arise in favor of or against a request to relocate when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact and access with the secondary residential parent." § 61.13(2)(d).
After thorough review of the record, we find the facts do not provide substantial competent evidence to support a finding that relocation is in the best interests of the child. See § 61.13(2)(d)(6); Flint v. Fortson, 744 So.2d 1217, 1218-19 (Fla. 4th DCA 1999). The Mother's stated ground for relocation was "for purposes of better economic opportunities for herself and her husband." The substitute visitation schedule significantly alters the Father's visitation from three and one-half days of visitation every week to one weekend per month plus spring break, five weeks of summer vacation, Thanksgiving, and half of the Christmas holiday.
The evidence adduced at the hearing showed that the child was in a good school and doing well, and the trial court found the move would not improve either her school or home life. The evidence further showed that the child's counselor thought relocation would not be in the child's best interests. The counselor testified that the child and the Father have a very close relationship and that she was concerned about the impact it would have on the child to be separated from the Father. Additionally, the Mother testified that the child began having problems sleeping when she learned of the possible relocation. There was no evidence presented to counter the counselor's testimony, nor was there any evidence presented that the relocation would be good for the child. Any evidence regarding the benefits of relocation related to the Mother and her new husband.
Section 61.13(2)(d), however, directs the court to consider the best interests of the child, not just the petitioning parent. Because all evidence regarding the impact relocation would have on the child supports a denial of the petition, we cannot say there is substantial competent evidence to support a finding that this move is in the best interests of the child. Accordingly, the trial court abused its discretion in granting the petition for relocation, and we reverse.
Additionally, we note as a matter of clarification that the order granting relocation appears to be based in part on an incorrect legal standard. Section 61.13(2)(d) overrules a presumption previously adopted by the Mize v. Mize, 621 *174 So.2d 417 (Fla.1993), and Russenberger v. Russenberger, 669 So.2d 1044 (Fla.1996), line of cases that a request for relocation should be favored when the request is made in good faith. Borchard v. Borchard, 730 So.2d 748 (Fla. 2d DCA 1999); Flint, 744 So.2d 1217. Instead, the statute imposes a fact-specific framework that allows the trial court to base a relocation decision "on what is best for the child, even though a result may not be best for the primary residential parent seeking to relocate." Flint, 744 So.2d at 1218. The trial court's analysis of the Mother's petition for relocation appears to rely on the statutorily superseded rule of law favoring a good-faith request to relocate. This is error.
Reversed.
WALLACE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.