884 So.2d 431 (2004)
Elba WHITLEY and Henry Whitley, Appellants,
v.
Debra WARREN, Appellee.
No. 4D03-3531.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
Roy D. Wasson of Wasson & Associates, Miami and Milton S. Blaut of the Law Offices of Abrams Anton, P.A., Hollywood, for appellants.
Frances F. Guasch of Luis E. Ordonez & Associates, Miami, for appellee.
KLEIN, J.
After suffering a defense verdict in a personal injury case, appellant plaintiff moved for a new trial alleging newly discovered evidence. Her motion included an affidavit from the first doctor who examined her. It stated that he had just discovered handwritten notes, which included more complaints of pain after the accident than the typewritten notes he relied on at trial. We affirm the trial court's denial of the motion.
*432 Defendant admitted liability for the rear end collision, and the only issue at trial was whether plaintiff's torn rotator cuff was caused by the accident. The first physician to examine plaintiff after the accident was Dr. Greenwald, a neurosurgeon, whose typewritten records reflected that she had complained only of lower back pain and had no remarkable findings as to her right shoulder. This was three days after the accident. Six days after that plaintiff went to a chiropractor and indicated neck, mid back and low back pain. The chiropractor did not examine her shoulder.
After around nine months with no improvement, Dr. Greenwald recommended that plaintiff see an orthopedist, who obtained an MRI showing a torn rotator cuff. The orthopedist operated and testified that it was related to the auto accident. He also testified that sometimes patients with shoulder injuries misinterpret their shoulder pain as being neck pain. Another orthopedist testified that patients can sometimes interpret pain as being from the neck when it is caused by a shoulder injury.
It was the position of the defense that, because there had been no discovery of the rotator cuff tear until nine months after the accident, it did not result from the accident. The jury returned a verdict for the defendant and shortly thereafter plaintiff moved for a new trial based on newly discovered evidence. Attached was Dr. Greenwald's affidavit to the effect that his typewritten records, on which he based his testimony, indicated only back pain, and he had assumed that his handwritten notes had been destroyed. He had recently become aware that his handwritten notes were in a warehouse, obtained those notes, and those notes indicated that plaintiff had also complained of neck pain. The trial court denied the motion without giving reasons.
A motion for new trial based on newly discovered evidence should be granted when: 1) it appears that the new evidence is such that it will probably change the result if a new trial is granted, 2) the evidence has been discovered since the trial, 3) the evidence could not have been discovered before the trial by the exercise of due diligence, 4) the evidence is material to the issue, 5) the evidence is not merely cumulative or impeaching. Resort of Indian Spring Inc. v. Indian Spring Country Club, 747 So.2d 974, 978 (Fla. 4th DCA 1999). Our standard of review is abuse of discretion. McDonald v. Pickens, 544 So.2d 261, 264 (Fla. 1st DCA 1989).
The parties devoted much argument to whether plaintiff exercised due diligence; however, we need not address that, as we conclude that plaintiff has not demonstrated an abuse of discretion as to the probable change of the result if a new trial were granted. In addition, the newly discovered evidence was cumulative.
Contrary to Dr. Greenwald's testimony that plaintiff had indicated only low back pain on her first visit three days after the accident, plaintiff testified that she had told him that she had low back pain and shoulder pain. The new evidence, however, did not confirm plaintiff's testimony that she complained of shoulder pain. It added only the fact that she complained of neck pain. The new evidence of neck pain complaints to Dr. Greenwald three days after the accident, however, was cumulative to her trial evidence of her complaint of neck pain nine days after the accident to her chiropractor. The trial court would accordingly have been well within its discretion in finding that, if the jury had known she complained of neck pain three days after the accident, it would not have produced a verdict that her shoulder injury was caused by the accident. Affirmed.
*433 BERGER, WILLIAM J., Associate Judge, concurs.
FARMER, C.J., dissents with opinion.
FARMER, C.J., dissenting.
The principal position of defendants throughout the trial in this personal injury action was that at her first visit three days after the accident plaintiff never told her examining neurosurgeon that she had pain in the neck or shoulder area. Defendants argued that plaintiff did not have "referred" pain in the shoulder because she made no complaint of neck pain when she first visited the neurosurgeon. That was the essential thrust of all of defendants' examination of witnesses and, indeed, of their frequent emphasis on the absence in the neurosurgeon's record of any notation of pain in the area of the neck or shoulder. In closing argument, defendants harped on the absence of any such complaint in the first post-accident visit.
Plaintiff's post trial motion made it clear that the neurosurgeon's records used at trial were inadvertently not complete and that she had in fact complained of neck pain on the fateful first visit. The fault for the omission was clearly in the surgeon's office, and not due to anything plaintiff did or failed to do.
The trial court's denial of a new trial on the basis of newly discovered evidence does not attempt to explain the decision. It does not say, for example, that the neurosurgeon's complete noteswhich do show her complaining of neck painwould not have led to a different result. The order does not hold plaintiff to have failed in diligence; and anyway there is no basis to find any lack of diligence.
I think the trial judge's decision is an abuse of discretion. The evidence submitted to the jury was misleading, owing to the unwitting omission. Defendants' entire position at trial was based on the failure to show the thing omitted from the doctor's file in evidence. Because defendants' very position at trial made the omission so critical, the jury's result surely must have been based on the omission and the emphasis defendants gave it by so exploiting it. In the circumstances presented here, I should think the law would presume the outcome would likely have been different if the complete and correct evidence had been used.
To think otherwise is to suppose the verdict was based on vapors in the courtroom, or at least on something outside the record. Even if the verdict is based on credibilitythat the jury did not believe plaintiff told the physician about neck or shoulder painthe omitted record verified that very testimony. What discretion does a trial judge have to refuse to correct that kind of mistake? I think none, because I see this as a clear cut case where a new trial should be legally required to correct an indisputable and manifest injustice.
I would reverse for a new trial.