945 So.2d 608 (2006)
Troy EDRINGTON, Appellant,
v.
Joanne EDRINGTON, Appellee.
No. 4D06-1171.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
*609 Siobhan Helene Shea, Palm Beach, for appellant.
No brief filed on behalf of appellee.
WARNER, J.
The father, Troy Edrington, appeals a final judgment providing for rotating custody of the parties' children and determining that neither party would be designated as the primary residential parent. The father also appeals the trial court's subsequent order denying his motion for rehearing based upon a claim of newly discovered evidence. We affirm.
The appellate court reviews a trial court's child custody determination for an abuse of discretion. See, e.g., Hamilton v. Hamilton, 922 So.2d 263, 266 (Fla. 2d DCA 2006). Section 61.13(3), Florida Statutes, sets forth a "best interests" standard for determining shared parental responsibility and primary residence.
Given the broad discretion of the trial court in custody matters, we do not find any abuse of that discretion in a review of this record. The trial court made detailed factual findings on the record and considered various positive and negative things that both parents had done. Further, the trial court specifically found that this was a deeply bitter custody battle and that neither parent was able to promote the children's relationship with the other parent. We see no abuse of discretion in the trial court's application of section 61.13(3) to the facts before it at the time of the final hearing.
With respect to the claim that the trial court erred in failing to conduct a hearing on the father's motion for rehearing based upon newly discovered evidence, we likewise conclude that the trial court did not abuse its discretion. That evidence consisted of an after-trial recantation by the parties' child of allegations of abuse by another child, which figured prominently in the trial. Even at trial, *610 however, the veracity of the allegations was questioned.
A motion for rehearing based on newly discovered evidence should be granted when: 1) it appears that the new evidence is such that it will probably change the result of the proceedings, 2) the evidence has been discovered since the trial, 3) the evidence could not have been discovered before the trial by the exercise of due diligence, 4) the evidence is material to the issue, 5) the evidence is not merely cumulative or impeaching. See Whitley v. Warren, 884 So.2d 431, 432 (Fla. 4th DCA 2004). This court reviews the denial of a motion for rehearing based on newly discovered evidence for an abuse of discretion. Id.
In denying the motion for rehearing, the trial court noted that it had discounted the allegations of abuse and that the newly discovered evidence would have no bearing on its decision. Thus, the trial court's order showed that the evidence would not have changed the result of the proceedings. Therefore, we conclude that the trial court did not abuse its discretion in denying the motion.
Affirmed.
GUNTHER and FARMER, JJ., concur.