972 So.2d 1098 (2008)
Layton E. NORRIS, Former Husband, Appellant,
v.
Amie C. HECKERMAN, f/k/a Amie C. Norris, Former Wife, Appellee.
No. 1D07-2289.
District Court of Appeal of Florida, First District.
January 28, 2008.
Neal L. Betancourt of Rotchford & Betancourt, P.A., Jacksonville, for Appellant.
Arnie C. Heckerman, pro se, Appellee.
PER CURIAM.
Layton Norris appeals an order of the trial court granting Arnie Heckerman's request to relocate with their minor children to Chicago. We affirm.
The parties were married in 1996, had three children, and divorced in Georgia in 2005. The former wife remarried and was living in Jacksonville, Florida, with her husband and the three children, when the former husband moved there in 2006 and began exercising weekly visitation with the children. When the former wife decided to move to Chicago, Illinois, with the children and her husband, the former husband sought emergency relief denying the relocation. The trial court concluded that it did not have the authority to modify the Georgia judgment. On the contrary, the court did have such authority pursuant to section 61.516(2), Florida Statutes (2007), of the Uniform Child Custody Jurisdiction and Enforcement Act.
The court, however, issued an alternate ruling, which we affirm, approving the former wife's relocation pursuant to the factors enumerated in section 61.13001(7), Florida Statutes (2006). Under this provision, there is no presumption in favor of or *1099 against relocation. The burden of proof is on the parent wishing to relocate to prove by a preponderance of the evidence that relocation is in the best interests of the children. § 61.13001(8), Fla. Stat. (2006). If the initial burden is met, the burden shifts to the non-relocating parent to show by a preponderance, of the evidence that the proposed relocation is not in the children's best interests. Id.
An appellate court reviews the trial court's determination regarding relocation of minor children for abuse of discretion. See, e.g., Landingham v. Landingham, 685 So.2d 946 (Fla. 1st DCA 1996); Manyari v. Manyari, 958 So.2d 512 (Fla. 3d DCA 2007); Edrington v. Edrington, 945 So.2d 608 (Fla. 4th DCA 2006). Although the trial court did not make certain critical findings regarding several of the statutory factors, this was the result of the parties' failure to present evidence on such factors. Based upon the limited evidence before it, the trial court properly exercised its discretion by granting the mother's request to relocate with the children.
AFFIRMED.
WEBSTER and PADOVANO, JJ., concur.
POLSTON, J., dissents with opinion.
POLSTON, J., dissenting.
Although the trial court did not believe section 61.13001 applied, it ruled in the alternative that relocation was appropriate pursuant to that statute. I dissent because the trial court abused its discretion. The former wife failed to present competent, substantial evidence supporting the determination that relocation was appropriate. See Fredman v. Fredman, 960 So.2d 52, 60 (Fla. 2d DCA 2007) (holding that an appellate court reviews a decision on relocation for an abuse of discretion, and competent substantial evidence must support the trial court's factual findings concerning the statutory factors for relocation); Dorta-Duque v. Dorta-Duque, 791 So.2d 1148, 1149 (Fla. 3d DCA 2001) (same); Botterbusch v. Botterbusch, 851 So.2d 903, 904 (Fla. 4th DCA 2003) (same); Russenberger v. Russenberger, 654 So.2d 207, 217 (Fla. 1st DCA 1995) (custody decision made upon findings that are not supported by competent, substantial evidence constitutes an abuse of discretion) (citing Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975)).
When reaching a decision regarding a proposed temporary or permanent relocation, the court is required to consider the factors enumerated in section 61.13001(7), subsections (a) through (k). In Florida, there is no presumption in favor of, or against, relocation. § 61.13001(7), Fla. Stat. (2006). The burden of proof is on the parent wishing to relocate to prove by a preponderance of the evidence that relocation is in the best interest of the child. § 61.13001(8), Fla. Stat. (2006). If the initial burden is met, the burden shifts to the non-relocating parent to show by a preponderance of the evidence that the proposed relocation is not in the best interest of the child. Id. The former wife did not meet her initial burden of proof supporting relocation.
Here, it is apparent that the trial court mentioned almost all of the listed factors of section 61.13001. However, former wife failed to meet her burden of showing that the relocation was in the children's best interests. Much of the evidence indicates that the move was in the best interests of the former wife and new husband. Berrebbi v. Clarke, 870 So.2d 172 (Fla. 2d DCA 2004) (reversing order granting relocation because the trial court's findings were not supported by competent, substantial evidence, noting that "[a]ny evidence regarding the benefits of relocation related to the Mother and her new husband, rather than the child").
*1100 As noted by the trial court, evidence regarding a number of the section 61.13001 factors was not introduced during the hearing. For example, the trial court notes: "The age and developmental stage of the children, their needs and the likely impact of the relocation and its impact on the children's physical, educational and emotional development, [see § 61.13001(7)(b), Fla. Stat. (2006)], was not addressed to any extent by the parties at the hearing." Further, as to the feasibility of maintaining the relationship between the non-relocating father and the children through substitute arrangements, See § 61.13001(7)(c), the court noted:
The feasibility of preserving the relationship between the non-relocating parent and the children through substitute arrangements to take into consideration the logistics of contact, access, visitation and time sharing, as well as the financial circumstances of the parties and whether those factors are sufficient to foster continuing meaningful relationship between the children and the non-relocating parent and the likelihood of compliance with the substitute arrangements by the relocating parent once she is out of the jurisdiction of the Court, was also not addressed to any significant amount during the hearing.

Thus, there is no indication in the record of how continued meaningful visitation could be accomplished when the children relocated to Chicago. See Muller v. Muller, 964 So.2d 732 (Fla. 3d DCA 2007) (finding trial court abused its discretion in granting former wife's petition to relocate, noting that "there is no substantial competent evidence that relocation would foster and preserve any type of meaningful relationship between the Father and the child"); Berrebbi, 870 So.2d at 173 (reversing order granting petition for relocation, noting that the substitute visitation schedule significantly altered former husband's visitation). The trial court also noted that it could not tell "whether or not the proposed relocation is necessary to improve the economic circumstances of the parent or other person seeking relocation." See 61.13001(7)(g), Fla. Stat. (2006). Finally, there was no evidence to suggest that the children would be better off in the Chicago charter school the former wife planned to enroll them in than the school they had been attending in Jacksonville. Cf. Berrebbi, 870 So.2d at 173 (noting that evidence did not show how child's school or home life would improve if relocation granted); Fredman v. Fredman, 960 So.2d 52 (Fla. 2d DCA 2007) (upholding denial of request by mother to relocate children from Tampa to Texas over objection of their father because there was no showing that the proposed relocation would improve the children's school, family, or home life). Thus, the former wife failed to satisfy her initial burden of proof by providing competent, substantial evidence supporting the trial court's determination that relocation was warranted.
Because I would reverse the order on appeal to the extent it grants former wife's request to locate with the minor children to Chicago, I respectfully dissent.