# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D23-1486
LT Case No. 2020-DR-369

———————————————

MICHAEL REX VANDERHOOF,

    Appellant,

    v.

LAUREN BROOKE ARMSTRONG,

    Appellee.

———————————————

Nonfinal appeal from the Circuit Court for Nassau County.
Lester Bass, Judge.

Brian P. North, of Kenny Leigh & Associates, Fleming Island, for
Appellant.

Gary Baker, of Baker & Rhodes, Callahan, for Appellee.

March 22, 2024

EDWARDS, C.J.

Appellant, Michael Vanderhoof ("Father"), appeals the trial
court's order granting Appellee, Lauren Armstrong's ("Mother"),
expedited temporary petition for parental relocation. Father
argues that the trial court erred in granting the petition because
(1) it made no findings, orally or in writing, regarding the
statutory factors; (2) the order is not supported by competent

substantial evidence; and (3) Mother's petition was legally insufficient.  For the reasons stated below, we reverse.

Background Facts

The parties, who resided in Nassau County, Florida, have three young children in common.[1]  Paternity and a timesharing schedule were established by court order, with Mother having majority time sharing on a 60/40 basis.  The parties have both spent almost their entire lives, and have extended family in the North Florida/South Georgia area.  While still living in that area, Mother recently married.  She and her new husband had a baby, and the husband received orders from the U.S. Navy transferring him to Cape Canaveral, Florida for a period of approximately two years.  Mother filed an expedited temporary petition for parental relocation pursuant to section 61.13001, Florida Statutes (2022), so that she could move to Cape Canaveral and take the parties' children with her.[2]  Father timely filed a written response and objection to Mother's petition.

An evidentiary hearing was held during which Mother testified that she wanted to move to Cape Canaveral so that she could be with her new husband and new baby.  During the hearing, Mother offered no evidence  in support of her petition's

_____

[1] The parties were not married.  Father still resides in Nassau County. At some point, Mother lived in Kingsland, Georgia.

[2] Mother filed a "**Petition** to Relocate" on November 16, 2022.  On February 6, 2023, Mother filed her "Expedited Temporary **Motion** to Relocate."  The substance of the two documents in terms of allegations, relief sought, etc. is substantially similar.  Although the order grants Mother's expedited temporary "petition" to relocate, it is apparent from the record that it was the Expedited Temporary Motion to Relocate that was considered and granted by the trial court.  The governing statute uses the term "petition" and unless otherwise noted, our reference to the "petition" is to Mother's "Expedited Temporary Motion to Relocate."

conclusory allegation that the relocation would be "in the best interest of the children." Father's evidence presented during the hearing included his own testimony, and testimony from his grandmother and one of his next-door neighbors. Through that evidence, Father established that he was actively involved with his children during their time with him, and that there was a strong support system based on the extended family of both parties in the North Florida/South Georgia area. He testified that if the children were relocated to Cape Canaveral, approximately three hours away by car, he would find it difficult to maintain that relationship and the same level of involvement with his children.

Without orally announcing any findings, the trial court simply orally granted Mother's temporary motion. A written order followed granting Mother's expedited temporary petition to relocate with the only finding being that Mother's petition was "filed in good faith and not for any ulterior motive." The order stated that Father would be entitled to exercise "meaningful timesharing with the minor children" in accordance with the Fourth Judicial Circuit's Long Distance Guidelines.

## Standard of Review

"When reviewing an order on a petition to relocate, an appellate court is limited to an abuse of discretion review based on whether the statutory findings made by the trial court are supported by competent, substantial evidence." *Mignott v. Mignott*, 337 So. 3d 408, 410 (Fla. 3d DCA 2021). However, the question of whether the trial court properly applied the relocation statute is reviewed de novo. *Chalmers v. Chalmers*, 259 So. 3d 878, 878 (Fla. 4th DCA 2018).

## Analysis

Section 61.13001 governs parental relocation of 50 miles or more with minor children where there is a time-sharing order or agreement in place. The process is commenced when the parent seeking to move files a petition to relocate; all "pleadings must be in accordance with this section." § 61.13001(3), Fla. Stat. A

3

temporary petition may be considered.[3]  The statute provides that there is no presumption for or against relocation.  § 61.13001(7), Fla. Stat.  In order to determine whether relocation is in the best interests of the children, which is the overarching requirement, that statute mandates that the trial court "shall evaluate all" of the factors set forth in section 61.13001(7) in reaching its decision on temporary or permanent relocation.[4]  A

---

[3] *See* § 61.13001(6)(b):

> The court may grant a temporary order permitting the relocation of the child pending final hearing, if the court finds:
>
> 1. That the petition to relocate was properly filed and is otherwise in compliance with subsection (3); and
>
> 2. From an examination of the evidence presented at the preliminary hearing, that there is a likelihood that on final hearing the court will approve the relocation of the child, which findings must be supported by the same factual basis as would be necessary to support approving the relocation in a final judgment.
>
> (c) If the court has issued a temporary order authorizing a party seeking to relocate or move a child before a final judgment is rendered, the court may not give any weight to the temporary relocation as a factor in reaching its final decision.

[4] *See* § 61.13001(7):

> In reaching its decision regarding a proposed temporary or permanent relocation, the court shall evaluate all of the following:
>
> (a) The nature, quality, extent of involvement, and duration of the child's relationship with the parent or other person proposing to relocate

4

with the child and with the nonrelocating parent, other persons, siblings, half-siblings, and other significant persons in the child's life.

(b) The age and developmental stage of the child, the needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child.

(c) The feasibility of preserving the relationship between the nonrelocating parent or other person and the child through substitute arrangements that take into consideration the logistics of contact, access, and time-sharing, as well as the financial circumstances of the parties; whether those factors are sufficient to foster a continuing meaningful relationship between the child and the nonrelocating parent or other person; and the likelihood of compliance with the substitute arrangements by the relocating parent or other person once he or she is out of the jurisdiction of the court.

(d) The child's preference, taking into consideration the age and maturity of the child.

(e) Whether the relocation will enhance the general quality of life for both the parent or other person seeking the relocation and the child, including, but not limited to, financial or emotional benefits or educational opportunities.

(f) The reasons each parent or other person is seeking or opposing the relocation.

(g) The current employment and economic circumstances of each parent or other person and whether the proposed relocation is necessary to improve the economic

trial court's failure to make oral or written statutory findings hampers appellate review. *Mignott*, 337 So. 3d at 410. However, there is nothing in this statute that requires the trial court to make specific findings. "Although findings of fact are always helpful to reviewing courts, we will defer to the legislative intent which we glean to be that they are not required here." *Hardwick v. Hardwick*, 710 So. 2d 124, 125 (Fla. 4th DCA 1998).[5] There is nothing in the record before us to indicate that the trial court considered any of the statutory factors other than that relocation was sought in good faith, which is insufficient by itself to support relocation.

---

> circumstances of the parent or other person seeking relocation of the child.
>
> (h) That the relocation is sought in good faith and the extent to which the objecting parent has fulfilled his or her financial obligations to the parent or other person seeking relocation, including child support, spousal support, and marital property and marital debt obligations.
>
> (i) The career and other opportunities available to the objecting parent or other person if the relocation occurs.
>
> (j) A history of substance abuse or domestic violence as defined in s. 741.28 or which meets the criteria of s. 39.806(1)(d) by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
>
> (k) Any other factor affecting the best interest of the child or as set forth in s. 61.13.

[5] The Fourth District in *Hardwick* considered an earlier version of this statute. Since the publication of *Hardwick*, the legislature has had ample time and opportunities to amend the statute to require trial courts to make specific findings, but so far it has not done so.

Furthermore, section 61.13001(8) places the burden on Mother, in this case, of "proving by a preponderance of the evidence that relocation is in the best interest of the child[ren]." Here, Mother testified that the reason for relocation was so that she, her new husband, and their new baby could all be together. She offered no evidence as to how this move would be in the best interests of the parties' children where her testimony established that she was leaving the extended family network in their current life-long hometown for a city in which neither she nor her husband had any family and she had no friends.[6] She had not visited the Cape Canaveral area in many years, she did not know where they would live, she did not know which school the children would attend, and although she claimed to have investigated local schools, during the hearing she could not name a single school that she supposedly checked out.

Mother failed to show that "the proposed relocation would improve the children's school, family or even home life." *Fredman v. Fredman*, 960 So. 2d 52, 60–61 (Fla. 2d DCA 2007) (citing *Berrebbi v. Clarke*, 870 So. 2d 172, 173 (Fla. 2d DCA 2004)). Her testimony basically established that the "move would improve the home life for the Mother and her new husband," which is no substitute for proof that the relocation would be in the children's best interest. *Id.* at 61. Mother failed to offer proof of any of the statutory factors set forth in section 61.13001(7). Accordingly, we reverse because the trial court's order is not supported by competent, substantial evidence.[7]

Further, we agree with Father that Mother's petition was legally insufficient and did not provide a foundation upon which

---

[6] The trial court did not announce any "best interests" findings.

[7] Given that Mother had not carried her burden of proof, Father had no obligation to establish anything. Nevertheless, he offered the evidence outlined above which could be seen to have shown, *inter alia*, how the move would have harmed the then-existing father-children relationship.

7

the trial court should have proceeded. Section 61.13001(3) requires the petition to comply with the pleading requirements of the statute, including specifically "[a] proposal for the revised postrelocation schedule for access and time-sharing together with a proposal for the postrelocation transportation arrangements necessary to effect time-sharing with the child[ren]." § 61.13001(3)(a)(6), Fla. Stat. Mother's petition offered nothing that could be recognized as a postrelocation proposal, as it said only that the trial court should determine same.[8] Failure to provide a proposed postrelocation plan as called for in the just-cited subsection "renders the petition to relocate legally insufficient." *Id.* Given the legal insufficiency of Mother's petition, we find the trial court reversibly erred in granting same.

<u>Conclusion</u>

Given the pleading deficits and lack of competent substantial evidence discussed above, we reverse. The order granting Mother's temporary petition for relocation is hereby vacated. In this case, we do not remand for entry of an amended, more detailed order because there was no competent, substantial evidence that could support granting the temporary petition. We remand solely for the trial court to enter an order denying Mother's temporary petition for parental relocation.

REVERSED and REMANDED for trial court to enter order.

SOUD and MACIVER, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[8] Additionally, several allegations set forth in Mother's petition were contradicted by her testimony at the evidentiary hearing.